IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNIVERSAL TRANSDATA, LLC, <br><br> Plaintiff, <br><br> v. <br><br> INGRAM MICRO INC., <br><br> Defendant. | CIVIL ACTION FILE <br><br> NO. _____ <br><br> **Jury Trial Demanded** |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff UNIVERSAL TRANSDATA, LLC. ("Universal" or "Plaintiff") files this
Complaint for Patent Infringement against Defendant INGRAM MICRO INC. ("Ingram Micro"
or "Defendant"), and states as follows:

## THE PARTIES

1.       Plaintiff is a limited liability company organized and existing under the laws of
the State of Georgia, having its principal office at 3930 E. Jones Bridge Road, Suite 140,
Peachtree Corners, GA 30092.

2.       Defendant Ingram Micro Inc. is a Delaware corporation with a listed registered
agent of Corporation Service Company, 251 Little Falls Drive, Wilmington, DE 19808.

## JURISDICTION AND VENUE

3.       This Court has exclusive subject matter jurisdiction over this case pursuant to 28
U.S.C. §§ 1331 and 1338(a) on the grounds that this action arises under the Patent Laws of the

United States, 35 U.S.C. § 1 et seq., including, without limitation, 35 U.S.C. §§ 271, 281, 284, and 285.

4.     This Court has personal jurisdiction over Defendant on the grounds that Defendant is an entity formed and existing under the laws of the State of Delaware.  Further, Defendant has minimum contacts with the State of Delaware, and Defendant has purposefully availed itself of the privileges of conducting business in the State of Delaware, including through the sale and offer for sale of the Accused Products throughout the State of Delaware and this Judicial District.

5.     Venue is proper in this Court pursuant to 28 U.S.C. § 1400(b) on the grounds that Defendant resides in this judicial district because it is an entity formed and existing under the laws of the State of Delaware.

## FACTUAL BACKGROUND

6.     Plaintiff is the owner by assignment of all right, title and interest in and to United States Patent Number 6,743, 030 B2, entitled Portable Storage Device with Universal Serial Bus ("the '030 Patent"), including the right to sue for all past, present, and future infringement, which assignment was duly recorded in the United States Patent and Trademark Office ("USPTO").

7.     A true and correct copy of the '030 Patent is attached hereto as Exhibit A.

8.     The '030 Patent relates to a portable storage device with universal serial bus (USB) having a retractable connector.

9.     The retractable connector of the '030 Patent solves problems related to conventional portable storage devices that lack a retractable connector.

10.     The application that became the '030 Patent was filed on September 30, 2002, and assigned U.S. patent application number 10/259,728 ("the '728 Application").

11.     The '728 Application was published on April 1, 2004, and assigned publication number US 2004/0063346 A1 ("the '346 Publication").

12.     The '030 Patent issued on June 1, 2004, after full and fair examination by the United States Patent Office.

13.     The '030 Patent is valid and enforceable.

14.     The term of the '030 Patent extends through September 30, 2022.

15.     Claim 1 of the '030 Patent claims:

1. A portable storage device with universal serial bus, comprising:

a case having a longitudinal length and a front opening;

a main body comprising a circuit board and a connector located in front of said circuit board;

said main body being positioned in said case with said connector being movable out of or retractable into said front opening of said case;

a push member being connected to said main body in the manner of interference fit and exposed from said case; and

whereby by pushing said push member forward or rearward, said connector of said main body is brought to project from or retract into said case, and said push member does not extend substantially beyond the longitudinal length of said case.

16.     Claim 7 of the '030 Patent claims:

7. The portable storage device with universal serial bus as claimed in claim 1, wherein said push member is projected from said circuit board of said main body and a recess of said case.

17.     Claim 8 of the '030 Patent claims:

> 8. The portable storage device with universal serial bus as claimed in claim 1, wherein said case includes an upper case and a lower case which are fitly connected to each other to define a hollow chamber therebetween.

18. Plaintiff notified Defendant of the '030 Patent and Defendant's infringement of the '030 Patent prior to filing this action, but Defendant has not yet responded.

## COUNT I – DIRECT PATENT INFRINGEMENT

19. Plaintiff realleges and incorporates by reference the allegations set forth above, as if set forth verbatim herein.

20. Defendant has directly infringed at least claims 1, 7, and 8 of the '030 patent in violation of 35 U.S.C. § 271(a) by making, importing, using, selling, or offering for sale in the United States products that embody the patented invention, and Defendant will continue to do so unless enjoined by this court.

21. Defendant's infringing products include, without limitation, its Ingram Micro V7 USB 2.0 Flash Drive with "Retractable USB Connector" products, and other as-yet-unknown products that similarly satisfy each element of each asserted claim ("Accused Products").

22. The Accused Products satisfy each and every element of each asserted claim of the '030 Patent, as detailed in the preliminary claim chart attached hereto as Exhibit B, and incorporated herein by reference, either literally or under the doctrine of equivalents.

23. Defendant's infringing activities are and have been without authority or license under the '030 Patent.

24. Defendant has had actual knowledge of the '030 Patent and Plaintiff's claims of infringement prior to the filing of this action, at least since receiving pre-suit notice of the '030 Patent from Plaintiff.

25.     Defendant's infringement of the '030 Patent has been, and continues to be willful and deliberate.

26.     Plaintiff is entitled to recover from Defendant the damages sustained by Plaintiff as a result of Defendant's infringing acts in an amount subject to proof at trial, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court, pursuant to 35 U.S.C. § 284.

27.     Defendant's past and continuing infringement of the '030 Patent has irreparably harmed, and continues irreparably to harm, Plaintiff.

28.     Defendants' infringing activities will continue unless enjoined by this Court pursuant to 35 U.S.C. § 283.

## COUNT II – INDUCED PATENT INFRINGEMENT

29.     Plaintiff realleges and incorporates by reference the allegations set forth above, as if set forth verbatim herein.

30.     Defendant has actively and intentionally, with prior knowledge of the '030 Patent and Plaintiff's claims of infringement, induced the direct infringement by others of at least claims 1, 7, and 8 of the '030 patent in violation of 35 U.S.C. § 271(b), in making, importing, using, selling, or offering for sale in the United States Accused Products that embody the patented invention as described in Count I, above.

## JURY DEMAND

31.     Plaintiff hereby demands a trial by jury of all issues so triable pursuant to Fed. R. Civ. P. 38.

## PRAYER FOR RELIEF

Plaintiff respectfully requests that the Court find in its favor and against Defendant, and that the Court grant Plaintiff the following relief:

A.     An adjudication that one or more claims of the '030 patent have been infringed, either literally and/or under the doctrine of equivalents, by Defendant;

B.     A permanent injunction pursuant to 35 U.S.C. § 283, enjoining Defendant from further acts of infringement with respect to the claims of the '030 patent;

C.     An accounting and an award to Plaintiff of damages adequate to compensate Plaintiff for the Defendant's acts of infringement, together with pre-judgment and post-judgment interest  and costs pursuant to 35 U.S.C. § 284;

D.     That Defendant's infringement be found to be willful, and that the Court award enhanced damages pursuant to 35 U.S.C. § 284;

E.     That this Court declare this to be an exceptional case and award Plaintiff its reasonable attorneys' fees and expenses in accordance with 35 U.S.C. § 285; and

F.     Any further relief that this Court deems just and proper.

This 30th day of August, 2017.

STAMOULIS & WEINBLATT LLC

*/s/Stamatios Stamoulis*
Stamatios Stamoulis #4606
Richard C. Weinblatt #5080
Two Fox Point Centre
6 Denny Road, Suite 307
Wilmington, DE 19809
Telephone: (302) 999-1540
Facsimile: (302) 762-1688
stamoulis@swdelaw.com
weinblatt@swdelaw.com

*Of Counsel:*

Daniel A. Kent
  dankent@kentrisley.com
  Tel:  (404) 585-4214
  Fax:  (404) 829-2412
Stephen R. Risley
  steverisley@kentrisley.com
  Tel:  (404) 585-2101
  Fax:  (404) 389-9402
KENT & RISLEY LLC
5755 N Point Pkwy Ste 57
Alpharetta, GA 30022

Attorneys for Plaintiff